UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| Technology Properties Limited, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Fujitsu Limited, Fujitsu General America, Inc., Fujitsu Computer Products of America, Inc., Fujitsu Computer Systems Corp., Fujitsu Microelectronics America, Inc., Fujitsu Ten Corporation of America, Matsushita Electrical Industrial Co., Ltd., Panasonic Corporation of North America, JVC Americas Corporation, NEC Corporation, NEC Electronics America, Inc., NEC America, Inc., NEC Display Solutions of America, Inc., NEC Solutions America, Inc., NEC Unified Solutions, Inc., Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc. and Toshiba America Consumer Products, LLC,<br><br>Defendants. | § | Case No. 2:05-CV-00494 |

**TECHNOLOGY PROPERTIES LIMITED, INC.'S MOTION TO CORRECT PRELIMINARY INFRINGEMENT CONTENTIONS**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 1

A. TPL's Reason For Seeking Leave to Serve Corrected Preliminary Infringement Contentions. ..... 1

B. The Parties' Meet and Confer. ..... 2

III. GOOD CAUSE EXISTS TO PERMIT TPL TO CORRECT ITS PRELIMINARY INFRINGEMENT CONTENTIONS ..... 4

A. The Applicable Law. ..... 4

B. Why TPL Failed To Meet The Deadline To Serve Complete And Accurate Preliminary Infringement Contentions And Its Effort To Timely Correct The Preliminary Infringement Contentions. ..... 4

C. The Importance Of The Corrected Preliminary Infringement Contentions. ..... 7

D. Any Prejudice To Defendants As A Result Of TPL Correcting Its Preliminary Infringement Contentions Is Minimal And Can Be Alleviated. ..... 8

IV. CONCLUSION ..... 8

# I. INTRODUCTION

Plaintiff Technology Properties Limited, Inc. ("TPL") seeks to submit corrected Preliminary Infringement Contentions ("PIC") to correct certain inconsistencies and errors. A copy of the proposed corrected PIC is attached hereto as Exhibit 1. By correcting its PIC, TPL is not expanding the number of products or claims at issue in this lawsuit. Rather, TPL is conforming the text of the PIC to the information provided to Defendants in the claim charts that accompany the PIC. TPL is also clarifying that it is accusing entire chip families of infringement of the patents-in-suit, not just individual chips that are representative of the chip families, which Defendants have been on notice of since before TPL served its original PIC.

As more fully explained below, TPL has shown that good cause exists for allowing it to submit a corrected PIC. Specifically, the corrected PIC will alleviate any confusion due to the inconsistencies in the text of the PIC and the claim charts and will also allow the parties to obtain a full and complete resolution of TPL's infringement claims. Furthermore, the prejudice, if any, that Defendants will suffer as a result of the corrected PIC can be cured by a short extension of the document production deadlines.

# II. FACTUAL BACKGROUND

## A. TPL's Reason For Seeking Leave to Serve Corrected Preliminary Infringement Contentions.

Since serving its PIC on July 17, TPL has discovered two errors in the text of the PIC.

First, as noted by several of the defendants, the representative accused chips listed in the text of the PIC did not accurately track the representative accused chips and patent claims for which claim charts were provided, as was intended. TPL has informed the defendants that the text of the PIC was intended to track the chips and patent claims for which claim charts were

provided. Accordingly, TPL requests leave to serve a corrected PIC conforming the list of representative accused chips and patent claims to conform to TPL's claim charts.

Second, whereas the PIC identified the representative chips accused of infringement, the PIC erroneously neglected to also identify the chip families to which the representative chips belong. As TPL informed Defendants nearly three weeks earlier on June 27 and 28, 2006, the products accused of infringement in this litigation include not only the individual representative chips, but also the chip families to which the representative chips belong. *See* Exhibit 2 (June 28, 2006 letter of Roger L. Cook to Defendants' Counsel: "This [Master List of Chips Accused of Infringement] replaces the listed chips provided to you yesterday, and provides important additional information, i.e. ***representative*** part numbers ('Product', column 2) for the ***family*** to which TPL believes these parts belong ('Chip Family', column 5).") (emphasis added). Accordingly, the proposed corrected PIC includes identification of the chip families, as was intended.

The attached proposed corrected PIC makes the above corrections, and no other.

**B. The Parties' Meet and Confer.**

On Thursday, July 27, 2006 – just 10 days after serving the original PIC -- TPL sent Defendants a proposed corrected PIC, intended to correct the foregoing two errors, and requested Defendants' consent, subject to this Court's approval, to serve the proposed corrected PIC and/or a prompt meet and confer. Defendants objected and, as a result, the parties participated in a meet and confer telephone conference on Friday, July 28, 2006.

During the meet and confer, defendants raised two categories of objections: (1) objections due to potential prejudice Defendants might suffer if TPL were permitted to correct the PIC; and (2) objections to the form of the proposed corrected PIC. As to potential prejudice, TPL made several proposals to eliminate any potential prejudice to Defendants, and

offered to consider any counterproposals. For example, in response to Defendants' objection that they would have less time to produce documents for the chip families than they have to produce documents for the representative chips listed in the original PIC, TPL pointed out that the deadline for substantial compliance with defendants' document production obligations is not until October 3, 2006; however, TPL offered to stipulate to any reasonable necessary extension of that deadline, with regard to documents for the chip families. Defendants did not accept any of TPL's prejudice-mitigating proposals, and made no counterproposals.

As to objections to the form of the proposed corrected PIC, some of the defendants said that the identification of chip families was not precise enough to determine for certain all members of those chip families. As a result, TPL has prepared additional exhibits to the PIC (consisting of copies of the defendants' web pages which TPL used as the source material for its identification of chip families) which identify all members of the chip families by their product numbers.

Defendants also objected because TPL has only provided claim charts for a representative chip within each chip family, rather than providing claim charts for each chip within each chip family. However, each of the representative chips is, for purposes of the infringement analysis, *identical* to the other members up its chip family. The chip families differ from the representative chips only in features that are *not* relevant to infringement (*e.g.* package type, revision number, etc.). Thus, claim charts for each member of a chip family would be identical to the claim chart for the representative chip, and provide no additional useful information.

Because Defendants would not agree to TPL’s submission of a corrected PIC, TPL has filed this motion.

## III. GOOD CAUSE EXISTS TO PERMIT TPL TO CORRECT ITS PRELIMINARY INFRINGEMENT CONTENTIONS

### A. The Applicable Law.

In *ALT, MD. v. Medtronic, Inc.*, 2006 WL 278868 (E.D.Tex. February 1, 2006), Judge Davis recently identified the standard used to decide a motion to supplement pursuant to Patent Rule 3-7:

> Federal Rule of Civil Procedure 16(b) requires a showing of good cause to modify dates set forth in the Court's scheduling order. Fed.R.Civ.P. 16(b) (providing, in part, "a schedule [scheduling order] shall not be modified except upon a showing of good cause and by leave of the district court…."). Patent Rules are considered part of the Court's scheduling order; therefore, a party seeking relief must obtain the Court's leave on a good cause showing to modify the Patent Rule's deadlines. Patent Rule 3-7 incorporates Rule 16(b)'s cause standard by stating amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions … may be made only by order of the Court, which shall be entered only upon a showing of good cause. The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. A trial court has broad discretion in allowing scheduling order modifications. The Court should consider four factors when determining whether to allow a scheduling order modification: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice.

*Id.* at *2 (internal quotations and citations omitted.)

As shown below, TPL has demonstrated the requisite good cause to permit it to correct its PIC.

### B. Why TPL Failed To Meet The Deadline To Serve Complete And Accurate Preliminary Infringement Contentions And Its Effort To Timely Correct The Preliminary Infringement Contentions.

On July 21, 2006, Matsushita's counsel called to TPL's attention a number of inconsistencies between the list of representative accused Matsushita chips in the text of the PIC and the chips for which claim charts had been provided. In resolving these inconsistencies (and

others subsequently brought to TPL's attention by other defendants), other similar discrepancies came to light.

These discrepancies arose because of miscommunication among the five different persons who were involved in preparing and finalizing the claim charts and the text of the PIC. Upon discovery of this miscommunication, TPL promptly (1) informed defendants that it wished to serve a corrected PIC conforming the text of the PIC to the claim charts, and to correct the unintended omission of reference to chip families; (2) submitted a proposed corrected PIC to Defendants' counsel; and (3) met and conferred with defendants' counsel.

In the meet and confer, defendants' primarily objected to TPL's proposal to correct the omission of reference to chip families. However, defendants have been on notice that TPL is accusing the families of chips, rather than representative individual chips, of infringement for some time. In a June 27, 2006 letter from counsel for TPL to counsel for Defendants, TPL provided Defendants a list of accused products -- both chips and end user products-- and requested Defendants to produce certain categories of documents to TPL. The “Product Description” column identified the products using words such as “family,” “series,” and “devices," thus clearly indicating that TPL's infringement claims are against entire families of products, not just individual chips. *See* Exhibit 3 (June 27, 2006 letter from R. Cook to Defendants’ counsel and attachment.) On the next day, June 28, 2006, TPL provided Defendants a replacement list that provided “*representative* part numbers” for the “*family* to which TPL believes these parts belong.” (Emphasis added.) These two letters unequivocally placed Defendants on notice that TPL is accusing families of chips and not just the individual representative chips of infringement. As such, Defendants’ protestations that they were unaware TPL is accusing families of chips (and not just individual chips) of infringement ring hollow.

If, after receiving TPL's PIC, Defendants were unsure as to whether TPL was accusing the families of chips of infringement, Defendants should have contacted TPL for clarification. Instead, however, Defendants allowed time to pass and now claim that TPL's delay in submitting a complete PIC is somehow prejudicing their ability to timely complete their document production. In *Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815 (E.D.Tex. 2006), Judge Davis refused to allow a defendant to claim prejudice when it failed to clarify a purported ambiguity in plaintiff's preliminary infringement contentions and plaintiff's discovery requests indicated the scope of the accused product (in *Orion*, a website) was broader than that which was specifically identified in the PIC.

> While the Patent Rules place a [sic] heavy burden on plaintiffs to communicate their case to defendants so that both parties may adequately prepare for claim construction and trial, defendants also have a responsibility to make sure they fully understand the nature of plaintiffs' allegations. A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or infringement contentions. Orion's PICs were sufficient to put Toyota on notice that Orion intended to accuse more than just the website's "Model Selector" feature. Toyota knew, or should have known, this and could have easily sought clarification either informally or by motion. It did neither, and now seeks to use its alleged lack of clarification to its advantage at this stage of the proceeding. To the extent Toyota was confused as to the extent of the website PIC's, most of the responsibility is Toyota's. Toyota admits it had discovery disputes with Orion as a result of the parties' different understandings of the scope of Orion's PICs, yet Toyota did not seek clarification of Orion's PICs. *The Patent Rules intend to strike a balance of providing fair notice to defendants without requiring unrealistic, overly factual contentions from plaintiffs, but the burden of notice the Patent Rules place on plaintiffs is intended to be a shield for defendants, not a sword*.

*Id*. at 817-18 (emphasis added.)

Here, Defendants are attempting to use the Patent Rules as a sword and they should not be permitted to do so. Pursuant to TPL's June 27 and June 28, 2006 letters, Defendants knew that TPL was accusing the families of chips of infringement and were requested to produce

documents relating to the accused family of chips. As discussed more fully below, the prejudice to TPL if it is not permitted to correct its PICs as requested far outweighs any prejudice to Defendants as a result of the corrections.

### C. The Importance Of The Corrected Preliminary Infringement Contentions.

TPL seeks to correct its PIC to (1) conform the representative chips and patent claims identified in the text of the PIC to the representative chips and patent claims for which claim charts were provided; and (2) correct the omission of reference to chip families. Also, in response to some of the defendants' objection to the alleged uncertainty as to which it chips belong to the referenced chip families, TPL has provided clarifying exhibits consisting of the defendants' web pages which list the part numbers of all members of each chip family. These corrections and clarifications are important to obtain a full and complete resolution of the parties' dispute concerning infringement of the patents-in-suit. If the individual chips for which claim charts were provided to Defendants are deemed to be the entirety of the accused products in this lawsuit, a determination of the infringement issue as to those individual chips would not completely resolve the entirety of the dispute between the parties. Further proceedings, such as additional lawsuits, would be necessary to fully adjudicate TPL's infringement claims. Furthermore, although TPL does not believe defendants object to correcting discrepancies between the text of the PIC and the claim charts, if TPL were prevented from making such corrections, the parties would remain uncertain as to which claims are being asserted against which products.

The features relevant to determining infringement by all members of a chip family are identical to the features relevant to determining infringement of the representative chips. The chips within a given family differ only in features that are *not* relevant to infringement (such as package type, revision number, etc.). The number of chips in a given family range from three or

four to as many as several dozen per family. It would thus be wasteful of judicial and party resources if TPL were required to assert infringement by the remaining members of a chip family in a second lawsuit involving identical parties in which the identical patents and identical claims would be asserted against products that, for purposes of infringement, are identical to the accused products in this lawsuit.

The prejudice associated with such waste -- which would inure upon all parties, as well as the Court -- would far outweigh whatever slight prejudice, if any, Defendants may experience as a result of TPL's short delay in adding the chip families to its PIC.

### D. Any Prejudice To Defendants As A Result Of TPL Correcting Its Preliminary Infringement Contentions Is Minimal And Can Be Alleviated.

The trial date is scheduled for November 3, 2007. As a result, permitting TPL to correct its PIC will not necessitate a continuance of the trial. Moreover, defendants are not required to complete substantial compliance with their document production requirements until October 3, 2006.

Thus, Defendants will not suffer any prejudice if TPL is permitted to correct its PIC to conform the list of accused products and list of asserted claims to the claim charts. Furthermore, although TPL believes the October 3 deadline provides defendants with sufficient time to complete document production as to the chip families, TPL has offered to stipulate to any reasonable extension of time as might be necessary.

## IV. CONCLUSION

TPL seeks to submit a corrected PIC to (1) conform the list of products in the text of the PIC to the products for which claim charts were provided; (2) clarify that the chip families, not just individual chips that are representative of the chip families, are accused of infringement; and

(3) conform the list of asserted claims of the patents-in-suit in the text of the PIC to the claim charts.

**CERTIFICATE OF CONFERENCE**

As set forth above, counsel for Plaintiff has contacted counsel for Defendants in an attempt to reach an agreement regarding the submission of a corrected PIC. However, no agreement could be reached. Therefore, this motion is opposed.

DATED: August 14, 2006

Respectfully submitted,

By: /s/ Roger L. Cook

S. Calvin Capshaw, State Bar No. 03783900
BROWN McCARROLL, LLP
ccapshaw@mailbmc.com
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

JONES AND JONES INC., P.C.
Franklin Jones, Jr. (State Bar No. 00000055)
201 West Houston Street, P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
maizieh@millerfirm.com

IRELAND CARROLL AND KELLEY, P.C.
Otis W. Carroll, State Bar No. 03895700
nancy@icklaw.com
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071

TOWNSEND and TOWNSEND and CREW LLP
Roger L. Cook, CA State Bar No. 55208
rlcook@townsend.com
Eric P. Jacobs, CA State Bar No. 88413
epjacobs@townsend.com
Byron W. Cooper, CA State Bar No. 166578
bwcooper@townsend.com

Iris S. Mitrakos, CA State Bar No. 190162
ismitrakos@townsend.com
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
TECHNOLOGY PROPERTIES LIMITED, INC.

60842423 v1

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 14th day of August, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Roger L. Cook
Roger L. Cook

60842423 v1