**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Technology Properties Limited, Inc., and Patriot Scientific Corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>Fujitsu Limited, Fujitsu General America, Inc., Fujitsu Computer Products of America, Inc., Fujitsu Computer Systems Corp., Fujitsu Microelectronics America, Inc., Fujitsu Ten Corporation of America, Matsushita Electrical Industrial Co., Ltd., Panasonic Corporation of North America, JVC Americas Corporation, NEC Corporation, NEC Electronics America, Inc., NEC America, Inc., NEC Display Solutions of America, Inc., NEC Solutions America, Inc., NEC Unified Solutions, Inc., Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, LLC., ARM, Ltd., and ARM, Inc.<br><br>   Defendants | 2:05-cv-00494-TJW |

**ANSWER OF ARM, LTD. AND ARM, INC. TO PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendants-Intervenors ARM, Ltd. and ARM, Inc. (collectively, "ARM") by and through its undersigned counsel, hereby present its Answer and Defenses to Plaintiffs Technology Properties Limited ("TPL") and Patriot Scientific Corporation's ("Patriot") (collectively "Plaintiffs") First Amended Complaint for Patent Infringement (the "Complaint"), filed September 12, 2006. All Paragraph references refer to the corresponding paragraph in the Complaint.

## PARTIES

1. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 1, and therefore denies same.

2. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 2, and therefore denies same.

3. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 3, and therefore denies same.

4. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 4, and therefore denies same.

5. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 5, and therefore denies same.

6. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 6, and therefore denies same.

7. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 7, and therefore denies same.

8. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 8, and therefore denies same.

9. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 9, and therefore denies same.

10. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 10, and therefore denies same.

11. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 11, and therefore denies same.

12. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 12, and therefore denies same.

13. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 13, and therefore denies same.

14. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 14, and therefore denies same.

15. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 15, and therefore denies same.

16. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 16, and therefore denies same.

17. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 17, and therefore denies same.

18. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 18, and therefore denies same.

19. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 19, and therefore denies same.

20. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 20, and therefore denies same.

21. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 21, and therefore denies same.

22. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 22, and therefore denies same.

## JURISDICTION AND VENUE

23. Paragraph 23 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, ARM admits that based only on the allegations in the Complaint, this action likely arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. and that under 28 U.S.C. § 1338(a), the Court has original jurisdiction over civil actions arising under the patent laws.

24. Paragraph 24 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, ARM denies that it has committed acts of infringement or continues to commit acts of infringement anywhere and admits that based only on the allegations in the Complaint, venue appears to be proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

## THE PATENTS

25. ARM admits that United States Patent No. 6,598,148 (the "'148 patent") states as its title "High Performance Microprocessor Having Variable Speed System Clock" and that Exhibit A to the Complaint appears to be a copy of the '148 patent. ARM is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 25, and therefore denies same.

26. ARM admits that United States Patent No. 5,809,336 (the "'336 patent") states as its title "High Performance Microprocessor Having Variable Speed System Clock" and that Exhibit B to the Complaint appears to be a copy of the '336 patent. ARM is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 26, and therefore denies same.

27. ARM admits that United States Patent No. 5,784,584 (the "'584 patent") states as its title "High Performance Microprocessor Using Instructions That Operate Within Instruction Groups" and that Exhibit C to the Complaint appears to be a copy of the '584 patent. ARM is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 27, and therefore denies same.

28. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 28, and therefore denies same.

29. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 29, and therefore denies same.

30. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 30, and therefore denies same.

## ALLEGED INFRINGEMENT BY FUJITSU

31. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 31, and therefore denies same.

32. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 32, and therefore denies same.

33. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 33, and therefore denies same.

34. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 34, and therefore denies same.

35. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 35, and therefore denies same.

36. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 36, and therefore denies same.

37. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 37, and therefore denies same.

38. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 38, and therefore denies same.

39. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 39, and therefore denies same.

40. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 40, and therefore denies same.

41. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 41, and therefore denies same.

42. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 42, and therefore denies same.

43. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 43, and therefore denies same.

44. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 44, and therefore denies same.

45. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 45, and therefore denies same.

46. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 46, and therefore denies same.

47. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 47, and therefore denies same.

48. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 48, and therefore denies same.

## ALLEGED INFRINGEMENT BY MATSUSHITA

49. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 49, and therefore denies same.

50. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 50, and therefore denies same.

51. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 51, and therefore denies same.

52. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 52, and therefore denies same.

53. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 53, and therefore denies same.

54. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 54, and therefore denies same.

55. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 55, and therefore denies same.

56. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 56, and therefore denies same.

57. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 57, and therefore denies same.

## ALLEGED INFRINGEMENT BY NEC

58. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 58, and therefore denies same.

59. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 59, and therefore denies same.

60. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 60, and therefore denies same.

61. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 61, and therefore denies same.

62. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 62, and therefore denies same.

63. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 63, and therefore denies same.

64. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 64, and therefore denies same.

65. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 65, and therefore denies same.

66. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 66, and therefore denies same.

67. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 67, and therefore denies same.

68. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 68, and therefore denies same.

69. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 69, and therefore denies same.

70. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 70, and therefore denies same.

71. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 71, and therefore denies same.

72. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 72, and therefore denies same.

73. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 73, and therefore denies same.

74. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 74, and therefore denies same.

75. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 75, and therefore denies same.

**ALLEGED INFRINGEMENT BY TOSHIBA**

76. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 76, and therefore denies same.

77. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 77, and therefore denies same.

78. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 78, and therefore denies same.

79. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 79, and therefore denies same.

80. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 80, and therefore denies same.

81. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 81, and therefore denies same.

82. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 82, and therefore denies same.

83. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 83, and therefore denies same.

84. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 84, and therefore denies same.

85. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 85, and therefore denies same.

86. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 86, and therefore denies same.

87. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 87, and therefore denies same.

88. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 88, and therefore denies same.

89. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 89, and therefore denies same.

90. ARM is without knowledge or information sufficient to form a belief as to the averments of Paragraph 90, and therefore denies same.

## PLAINTIFFS' PRAYER FOR RELIEF

91. ARM denies that Plaintiffs are entitled to any of the relief stated in Plaintiffs' Prayer for Relief.

92. All remaining averments not specifically admitted herein are denied.

## ARM SPECIFIC AVERMENTS

93. ARM, Ltd. is a subsidiary of ARM Holdings plc and a corporation organized under the laws of the England and Wales, with its principal place of business in Cambridge, England.

94. ARM, Inc. is a subsidiary of ARM Holdings plc and a corporation organized under the laws of California, with its principal place of business in Sunnyvale, California.

## DEFENSE AND AFFIRMATIVE DEFENSES

95. The claims of the '584 patent are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including without limitation, §§ 102, 103, and/or 112 thereof.

96. ARM has not committed any act that would give rise to liability for infringement of any properly construed, valid claim of the '584 patent.

97. Plaintiffs do not have the requisite ownership rights to establish standing to sue as to the '584 patent.

98. All or some of Plaintiffs' claims are barred by the doctrine of laches.

99. All or some of Plaintiffs' claims are barred by equitable estoppel.

100. The Complaint fails to state a claim upon which relief can be granted.

101. Plaintiffs' asserted damages are limited by 35 U.S.C. § 287.

102. ARM reserves the right to offer additional defenses that cannot now be articulated due to the need for further discovery regarding Plaintiffs' claims.

## PRAYER FOR RELIEF

WHEREFORE, ARM prays for judgment that:

1. Plaintiffs be denied all relief and take nothing;

2. Judgment be entered that ARM has not, and does not, infringe, directly or indirectly, any properly construed, valid claim of the '584 patent;

3. Judgment be entered that the '584 patent is invalid;

4. This case be declared exceptional pursuant to 35 U.S.C. § 285 and that this Court award ARM the costs of this action, including reasonable attorneys' fees and litigation expenses;

5. ARM be awarded such other and further relief as the Court deems just and proper.

**A JURY TRIAL IS DEMANDED AS TO ALL ELEMENTS TRIABLE BY JURY.**

Respectfully submitted,

*/s/ Michael Smith*

Carl R. Roth
Texas Bar No. 901984225
cr@rothfirm.com
Michael C. Smith
Texas Bar No. 900641877
ms@rothfirm.com
THE ROTH LAW FIRM, P.C.
115 North Wellington, Suite 200
P.O. Box 876
Marshall, Texas 75671
Tel: (903) 935-1665
Fax: (903) 935-1797


James H. Wallace, Jr.
DC Bar. No. 016113
jwallace@wrf.com
Gregory E. Lyons
DC Bar. No. 436071
glyons@wrf.com
Kevin P. Anderson
DC Bar. No. 476504
kanderson@wrf.com
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 719-7000
Fax: (202)719-7049

*Counsel for ARM Ltd. and ARM, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 19th day of September, 2006. Any other counsel of record will be served by facsimile transmission and/or first class mail.

_____
Michael C. Smith