UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| Technology Properties Limited and Patriot Scientific Corporation, | § | Case No.    2:05-CV-00494 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Matsushita Electrical Industrial Co., Ltd., Panasonic Corporation of North America, JVC Americas Corporation, NEC Electronics America, Inc., Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc. and Toshiba America Consumer Products, LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO SERVE AMENDED PRELIMINARY
INFRINGEMENT CONTENTIONS**

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................1

II.   FACTUAL BACKGROUND.....................................................................................3

      A.    Events Leading Up To The November 7, 2006 Order......................................3

            1.    TPL's Early June 27-28 Disclosure of Accused Chip
                  Families and Chips Representing Those Families....................................3

            2.    TPL's Formal July 17 Preliminary Infringement
                  Contentions .............................................................................................4

            3.    TPL's Proposed First Corrected PICs, July 27 Version ..........................5

            4.    The Parties Meet and Confer on July 28..................................................5

            5.    TPL's August 14 Version of Proposed First Corrected
                  PICs.........................................................................................................6

            6.    TPL's August 14 Motion To Correct Preliminary
                  Infringement Contentions .......................................................................6

            7.    Defendants' Oppositions and TPL's Reply..............................................7

            8.    The Court's November 7 Order Denying TPL's Motion
                  Without Prejudice. ..................................................................................7

      B.    TPL Prepares Claim Charts for All Accused Family Members .........................8

      C.    On December 22, TPL Provided Defendants with A Proposed
            Motion For Leave to File Amended Preliminary Infringement
            Contentions, Followed Shortly by the Claim Charts .........................................8

      D.    The Parties Meet and Confer on January 9.......................................................8

      E.    TPL Prepares and Provides Information Requested By
            Defendants. .......................................................................................................9

      F.    NEC Agrees To Proceed on the Basis of Representative Parts,
            and Proposes Terms of a Proposed "Stipulation to Be Entered by
            the Parties". .......................................................................................................9

III.  GOOD CAUSE EXISTS TO PERMIT PLAINTIFFS TO CORRECT
      THEIR PRELIMINARY INFRINGEMENT CONTENTIONS ...................................10

      A.    The Applicable Law..........................................................................................10

      B.    Why TPL Did Not Provide Claim Charts For All Accused Chips
            Prior To The Original Deadline ........................................................................11

      C.    The Importance Of The Thing That Would Be Excluded .................................12

# TABLE OF CONTENTS (con't)

Page

D.      There Is No Prejudice To Defendants In Allowing The Amended
        Preliminary Infringement Contentions ..............................................................12

E.      Only MEI Flatly Opposes the Proposed Amended PICs ...................................15

IV.     CONCLUSION.............................................................................................................15

# TABLE OF AUTHORITIES

Page

**Cases**

*ALT, MD. v. Medtronic, Inc.*,
   2006 WL 278868 (E.D.Tex. February 1, 2006) ................................................................. 10

*Orion IP, LLC v. Staples, Inc.*,
   407 F.Supp.2d 815 (E.D.Tex. 2006) ............................................................................... 13

*Renesas Tech. Corp. v. Nanya Tech. Corp.*,
   No. C03-05709JFHRL, 2004 WL 2600466 (N.D. Cal., Nov. 10, 2004) ......................... 10

## I.      INTRODUCTION

Plaintiffs Technology Properties Limited ("TPL") and Patriot Scientific Corp. ("Patriot")

seek leave to serve their proposed First Amended Disclosure Of Asserted Claims And

Preliminary Infringement Contentions ("Amended PICs") attached hereto as Exh.1.[1]  This

motion ("Motion To Amend PICs") is in response to the Court's November 7, 2006 Order

("November 7 Order") [doc. # 162] which, although it denied TPL's previously-filed Motion to

Correct Preliminary Infringement Contentions ("Motion To Correct PICs") [doc. 96-1 filed

8/14/2006], which sought to rely on claim charts for representative chips rather than provide a

claim chart for each of the huge number of accused chips, denied that motion "without prejudice

to filing amended preliminary infringement contentions that include infringement contentions for

each accused product as required under the local rules."  In accordance with that Order,

Plaintiffs' proposed Amended PICs provide contentions, including claim charts, for each of

Defendants' products that plaintiffs accuse of infringement.

TPL[2] provided Defendants with the proposed amended PICs and a draft of the present

motion on December 22, 2006, and sent CD-ROMs containing the claim charts on December 26,

requesting that Defendants consent to the proposed amended PICs, or meet and confer.  Cook ¶

22.[3]  Defendants said that they could not evaluate Plaintiffs' request without reviewing the

extensive claim charts, and that they could not do so over the holidays, so Plaintiffs agreed to

defer filing the motion and attend the requested meet and confer on January 8, eventually

_____

[1] Exhibits attached hereto are referenced as "Exh. 1," "Exh. 2," etc.

[2] Since September 12, 2006 when Patriot joined TPL as party co-plaintiff, TPL has been, as
regards the present motion, acting on behalf of both Plaintiffs.

[3] References to the Declaration of Roger L. Cook in Support of Plaintiffs' motion, filed herewith,
Continued on the next page

rescheduled to January 9.  Cook ¶ 23.

At the meet and confer, Defendants said Plaintiffs' motion asserted that the chips for which claim charts were provided in December were the same chips that had been identified by "family" in June and July, and that Defendants could not evaluate this assertion without being told the "family" to which each of the December claim chart chips belong.  Cook ¶ 24.

To meet this objection, TPL prepared and on February 9 sent Defendants a lengthy spreadsheet listing each of the December claim chart chips by part number, and identifying the family to which each of those chips belongs, together with a letter which said, "[TPL believes] the present spreadsheet has all of the information you and your clients need to make a decision whether or not to oppose the motion [and so[ please let us know your decision by [] Feb. 13." Cook ¶ 25; Exhs. 11, 12. Also, to reduce the parties' burden in discovery and at trial, and as added incentive to consent to the proposed motion, TPL asked Defendants to reconsider that portion of TPL's original "representative parts" proposal that would limit discovery and trial to the proposed representative chips. Cook ¶ 26; Exh. 11.

On February 18, after requesting additional time, NEC[4] wrote that was interested in the representative chip proposal, and said:

> Assuming that we have reached closure on the product list and representative products, NEC Electronics would like to confirm the terms of the stipulation to be entered by the parties.  NEC Electronics believes that the parties should include the following agreed terms in the stipulation: [setting forth specific terms].

_____

Continued from the previous page

are designated "Cook ¶__."

[4] On February 6, 2007, all NEC Defendants other than NEC Electronics settled and were dismissed.  Doc. # 208.

Exh. 13.  After TPL provided its response to these terms, the parties held a further meet and confer on March 13, where they discussed problems with and objections to a representative parts stipulation. Cook ¶ 28.

TPL has worked with NEC and Toshiba to overcome their objections, and believes that stipulations with NEC and Toshiba will be reached before they need respond to this motion. Cook ¶ 28, Exhs. 14-16.

However, MEI announced it will not enter into a representative parts stipulation, and will oppose the present motion to amend PICs, thereby necessitating the filing of this motion now rather than waiting to conclude stipulations with NEC and Toshiba.[5]  Cook ¶ 29.

## II.  FACTUAL BACKGROUND

### A.   Events Leading Up To The November 7, 2006 Order

#### 1.   TPL's Early June 27-28 Disclosure of Accused Chip Families and Chips Representing Those Families

On June 27, 2006, three weeks prior to the deadline for serving PICs, TPL responded to the Defendants' requests for early information concerning TPL's infringement contentions and said that it was accusing certain broad chip categories of infringing the patents-in-suit.  See Cook e-mail 6/27/06 attaching a 27 page table entitled "Preliminary List of Texas Defendants' Accused Chips, June 27, 2006."  ("June 27 Preliminary List").[6]  Exhs. 2 and 3, respectively.  In the June

---

[5] Defendant ARM, who intervened because some defendants sought indemnification for ARM's sale to them of several different "cores" implicated in Plaintiff's assertions of infringement against the '584 patent, initially said that the "representative chips" discussion does not pertain to ARM because it does not sell chips. Cook ¶ 30.  Plaintiffs had taken this to mean that ARM was agnostic as to the present motion; however, discussions in the past few days between ARM and TPL counsel have identified mutual benefits to a representative parts stipulation between them, and constructive discussions are under way, which TPL believes will lead to a stipulation with ARM.  *Id.*

[6] Because TPL was providing this information voluntarily, in advance of the scheduled date for preliminary infringement contentions, TPL specified the following conditions on its disclosure:
Continued on the next page

27 letter, TPL said that "Greater detail, in the form of part numbers of ***representative chips***, will be provided in the near future."  Exh. 2, p. 2 (emphasis added).

On June 28, 2006, as promised, TPL sent a further letter, stating, "This replaces the list of chips provided to you yesterday, and provides important additional information, i.e. ***representative part numbers*** ("Product," col. 2) for the ***family*** to which TPL believes these parts belong ("Chip Family," col. 5)."  Exh. 4.  Attached to the June 28  letter, TPL provided its "Preliminary Master List [of] ***Chips Accused of Infringement*** [as of] June 28, 2006 ("June 28 Preliminary Master List") (emphasis added) which, in a column captioned "Product" identified chips by ***part number***, e.g. "Microcontroller TMP87CH48CU," making it clear that these were the ***representative chips*** mentioned in the June 27 and June 28 letters, and, in a column entitled "***Chip Family***," identified by a specific family identifier (e.g. TLCS-870) the ***chip family*** to which each ***representative chip*** belonged.  Exh. 5.

### 2.    TPL's Formal July 17 Preliminary Infringement Contentions

On July 17, 2006, pursuant to P.R. 3-1, TPL served Technology Properties, Ltd., Inc.'s Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Original PICs") on each of the Defendants.  Exh. 6.  Consistent with the June 28 letter, the Original PICs included a

---

Continued from the previous page

These lists are being provided to you in confidence, subject to the proposed and anticipated protective order, as an accommodation and convenience to assist you in preparing for discovery, in advance of the deadline for TPL to provide its infringement contentions, without prejudice to subsequent modification, such as by adding additional products, or by deleting products.  []  These lists are also provided to you with the further understanding that they may not be used in this litigation as evidence that any particular products are or are not covered by the patents, or any of them.  Any person who finds these conditions unacceptable should promptly double delete his or her lists, and not retain or share copies until we can reach a mutually agreeable understanding.

Exh. 2, p. 1.

list of accused representative NEC, Toshiba and MEI chips identified by part numbers, slightly

modified from the list of representative chips contained in the June 28 letter, and claim charts

showing how the representative chips infringed the claims of the patents in suit.  Exh. 6.

Shortly after serving the Original PICs, TPL realized the list of representative chips in the

text did not accurately list the chips for which claim charts were provided; and also that, unlike

TPL's accusations in the June 28 letter, inadvertently failed to expressly accuse the chip families

for which the accused representative chips were representative. Cook ¶ 7.

### 3.    TPL's Proposed First Corrected PICs, July 27 Version

On July 27, 2006, TPL sent Defendants a letter [Exh. 7] to which was attached proposed

Corrected Disclosure Of Asserted Claims And Preliminary Infringement Contentions ("First

Corrected PICs, July 27 version") [Exh. 8], notifying Defendants of the error, which it proposed

to correct with the proposed First Corrected PICs, July 27 Version [*d.*], and requesting that the

Defendants consent to these corrections or meet and confer by telephone the following day.

Exh. 7.

### 4.    The Parties Meet and Confer on July 28

The Defendants would not consent and, instead, all attended a July 28 meet and confer in

which they raised two categories of objections.  First, they objected to the prejudice they might

suffer if TPL were permitted to correct its Original PICs.  In response, TPL made several

proposals to eliminate any potential prejudice, ***and offered to consider any counterproposals***.

Cook ¶ 9. For example, in response to  the Defendants' objection that they would have less time

to produce documents for the chip families than to produce documents for the representative

chips listed in the Original PICs, TPL pointed out that the deadline for substantial compliance

with Defendants' document production obligations was not until October 3, 2006. Cook ¶ 10.

TPL offered, however, to stipulate to any reasonable necessary extension of that deadline with

regard to documents for the chip families.  *Id*. The Defendants did not accept any of TPL's prejudice-mitigating proposals, and made no counterproposals. Cook ¶ 11.

Some of the Defendants also objected that the identification of chip families was not precise enough; and all objected that TPL had provided claim charts for only representative chips, rather than for each chip.  Cook ¶ 12. TPL understood that the first objection could be overcome by a more precise identification of chip families, but that Defendants would persist in their objection to providing claim charts for only representative chips.  *Id*.  Consequently, TPL began preparing its contested motion. *Id*.

### 5.    TPL's August 14 Version of Proposed First Corrected PICs

To prepare its motion, TPL modified the First Proposed Corrected PICs, July 27 Version to eliminate the Defendants' objections as to lack of precision, by preparing exhibits consisting of the Defendants' own Web pages which listed the part numbers of all chips in each of the accused chip families. Cook ¶ 13; Exh. 9 ("First Proposed Corrected PICs, August 14 Version").

### 6.    TPL's August 14 Motion To Correct Preliminary Infringement Contentions

Upon completion of its First Proposed Corrected PICs, August 14 Version [*id.*], TPL filed a motion for leave to serve same.  Cook ¶ 14; Doc. # 96, filed 8/14/2006.  The "First Corrected PICs, August 14 Version" now included (1) a revised list of representative accused chips, conforming to the chips for which claim charts had been provided; (2) an explicit accusation of infringement of the chip families to which the representative chips belong; and (3) a more precise identification of the family members, by providing copies of the Defendants' Web pages identifying those family members. *Id*.

To show that TPL's omission in the text of the Original PICs was unintentional, and did not prejudice the Defendants, TPL pointed to the June 27 and 28 Letters [Exhs. 2 and 4] which provided a comparable list of representative chips, and made clear that TPL was accusing the

representative chips as well as the chip families to which they belonged. Doc. # 96, p. 5; see also doc. # 122, p. 4.

TPL also explained that focusing on representative chips would be the most reasonable and efficient way to deal with the large number of infringing products, especially since the chips in any given family differed from one another only by features (such as package type and the like) wholly irrelevant to infringement.  *Id.*

### 7.      Defendants' Oppositions and TPL's Reply

Although each made slightly different arguments, all Defendants asserted that TPL should not be allowed to amend its PICs to assert infringement of entire chip families based on claim charts for only representative chips.

In its reply brief [Doc. # 122, filed 9/7/2006 ("Reply Brief")], TPL defended its use of representative chips as a benefit to all parties because discovery could be limited to the representative chips rather than to all chips accused of infringement. *Id.* at pp. 3, 4.  TPL also reasonably proposed that if a Defendant were to decide that any family subgroup materially differed from an alleged representative chip, the Defendant could so state, identify all chips within that subgroup, and provide discovery as to a representative chip within the subgroup.  *Id.* at p. 14.

In addition, TPL noted that MEI's opposition recognized the propriety of, including case authority for, using representative chips. *Id.* at p. 3.

### 8.      The Court's November 7 Order Denying TPL's Motion Without Prejudice.

By order dated November 7, 2006, this Court denied TPL's Motion To Correct PICs

"without prejudice to filing[7] amended [PICs] that include infringement contentions for each accused product as required under the local rules."  Doc. # 162, p. 2.

### B.   TPL Prepares Claim Charts for All Accused Family Members

Upon receipt of the November 7 Order, TPL immediately began preparation of claim charts for all accused chips -- a large task due to the number of accused chips. Cook ¶ 21.

### C.   On December 22, TPL Provided Defendants with A Proposed Motion For Leave to File Amended Preliminary Infringement Contentions, Followed Shortly by the Claim Charts

Because TPL understood the November 7 Order as implicit leave for TPL to serve amended PICs listing all accused family member chips, TPL provided Defendants with a draft of the proposed amended PICs and a draft of the present motion [Exh. 10] on December 22, requesting that Defendants consent to the proposed amended PICs.  Cook, ¶ 22.  TPL Fed-Exed CD-ROMs containing the claim charts to Defendants on December 26.  *Id.*  These are the identical claim charts for which leave to serve is presently sought.

Defendants did not agree that the November 7 Order provided implicit consent for TPL to serve amended PICs and claim charts, and said they could not evaluate Plaintiffs' request without reviewing the extensive claim charts.  Cook ¶ 23.  Moreover, since they said they could not do so over the holidays, they requested and Plaintiffs agreed to postpone filing the present motion and attend a meet and confer on January 8, eventually rescheduled to January 9.  *Id.*

### D.   The Parties Meet and Confer on January 9.

In the meet and confer, Defendants said the motion argued that there would be no prejudice because Defendants had been informed that family members were accused of

---

[7] Since the local rules require preliminary infringement contentions to be *served*, but not *filed*, TPL understands the order to refer to *service* of amended to infringement contentions.

infringement as early as June 2006, but that the December 26 claim charts appeared to accuse chips falling outside of the June families. Cook ¶ 24. Although TPL explained that it did not intend the December 26 claim charts to expand beyond the previously accused families, Defendants asked TPL to demonstrate correspondence between the previously identified families and the chips accused of infringement (via claim charts) in December. *Id.*

> **E.      TPL Prepares and Provides Information Requested By Defendants.**

On February 9, 2007, as requested, TPL sent Defendants a spreadsheet providing the requested correlation between the presently accused chips and the previously accused families, stating that TPL believed it had provided all of the information that the Defendants needed to make decisions as to whether or not to oppose the proposed motion to amend PICs, suggesting that the parties reconsider using representative chips for discovery and trial, and requesting Defendants to provide their decision by February 13, 2007. Exhs. 11, 12; Cook ¶¶ 25, 26.

> **F.      NEC Agrees To Proceed on the Basis of Representative Parts, and Proposes Terms of a Proposed "Stipulation to Be Entered by the Parties".**

On February 18, NEC wrote that was interested in the representative chip proposal, and said, "Assuming that we have reached closure on the product list and representative products, NEC Electronics would like to confirm the terms of the stipulation to be entered by the parties. NEC Electronics believes that the parties should include the following agreed terms in the stipulation: [setting forth specific terms]." Exh. 13; Cook ¶ 27. After TPL responded to these terms [Exh. 14], the parties held a meet and confer on March 13, in which they discussed their various positions and any objections to the proposed representative part stipulation. Cook ¶ 27. TPL has worked to overcome the objections of NEC and Toshiba [*Id.*; Exhs. 15, 16] and believes that stipulations will be reached with these parties well in advance of the time for them to respond to the present motion. Cook ¶ 27.

However, MEI now flatly refuses to consent to the present motion, and refuses to consider a representative parts stipulation.  Cook, ¶ 29.

## III.   GOOD CAUSE EXISTS TO PERMIT PLAINTIFFS TO CORRECT THEIR PRELIMINARY INFRINGEMENT CONTENTIONS

### A.   The Applicable Law.

Patent Rule 3-1 requires a party claiming patent infringement to serve a disclosure of asserted claims and infringement contentions ("preliminary infringement contentions"[8]).  Patent Rule 3-1(c) provides that these contentions shall include, *inter alia*, "each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware …" as well as "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality … ." As MEI has recognized, however, the Northern District of California, which uses the same Patent Local Rules as the Eastern District of Texas, allows a party asserting patent infringement to serve a single claim chart for a family of products when the single claim chart is representative of all products within the family.  *See Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. C03-05709JFHRL, 2004 WL 2600466 (N.D. Cal., Nov. 10, 2004).

In *ALT, MD. v. Medtronic, Inc.*, 2006 WL 278868 (E.D.Tex. February 1, 2006), Judge Davis stated the standard for deciding a motion to supplement pursuant to Patent Rule 3-7:

> Federal Rule of Civil Procedure 16(b) requires a showing of good cause to modify dates set forth in the Court's scheduling order. Fed.R.Civ.P. 16(b) (providing, in part, "a schedule [scheduling order] shall not be modified except upon a showing of good cause

---

[8] Recent amendments to the Patent Rules drop the word "preliminary;" however, since the present motion pertains to events and filings dating back prior to the amendment, TPL has continued to refer to "PICs" and "preliminary infringement contentions" to avoid confusion.

and by leave of the district court…."). Patent Rules are considered part of the Court's scheduling order; therefore, a party seeking relief must obtain the Court's leave **on a *good cause showing to modify the Patent Rule's deadlines*.** Patent Rule 3-7 incorporates Rule 16(b)'s cause standard by stating amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions … may be made only by order of the Court, which shall be entered only upon a showing of good cause. The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. A trial court has broad discretion in allowing scheduling order modifications. The Court should consider four factors when determining whether to allow a scheduling order modification: (1) the ***explanation*** for the failure to meet the deadline; (2) the ***importance*** of the thing that would be excluded; (3) ***potential prejudice*** in allowing the thing that would be excluded; and (4) the ***availability of a continuance*** to cure such prejudice.

*Id.* at *2 (emphasis added, internal quotations and citations omitted.)

As shown below, TPL has demonstrated the requisite good cause for amending its PICs.

### B.     Why TPL Did Not Provide Claim Charts For All Accused Chips Prior To The Original Deadline

TPL filed its Original PICs without including claim charts for every accused product because, in view of the large number of accused products, it reasonably believed all parties would benefit by using claim charts for representative products rather than for all accused products, and that providing claim charts for all accused products would merely add bulk without adding useful information. Accordingly, TPL believed that using claim charts for representative parts was a rational and practical way to streamline an otherwise complicated case. Moreover, TPL's counsel had advantageously employed representative parts in other semiconductor patent infringement litigation; and there is sound case authority for this approach in the Northern District of California, which employs essentially the same local rules as this district. Indeed, MEI acknowledged the reasonableness of TPL's approach, citing Northern District of California

case authority [doc. # 108, p. 5], arguing only that in this particular case TPL had not demonstrated that it was appropriate to use representative parts.  Cook ¶ 16.

Presumably in view of TPL's good faith belief that using representative parts was in reasonable compliance with the Patent Local Rules, this Court denied TPL 's original request without prejudice to serving amended PICs in compliance with the Local Rules.  Accordingly, Plaintiffs are now requesting explicit leave to serve the claim charts and amended PICs, each of which were provided to Defendants in December.

### C.    The Importance Of The Thing That Would Be Excluded

If the family member chips were excluded, this litigation would not resolve the entire dispute between the parties.  Further proceedings, such as additional patent infringement lawsuits or contempt proceedings, would be necessary to fully adjudicate plaintiffs' infringement claims.

It would be wasteful of judicial and party resources if plaintiffs were required to assert infringement by the remaining members of a chip family in a second lawsuit involving identical parties in which the identical patents and identical claims would be asserted.

Moreover, Defendants assert that these claims, if not included in any judgment resulting from the present lawsuit, would be barred from assertion in later proceedings by *res judicata*. While plaintiffs disagree with this assessment, if Defendants are correct, this would reduce the value of plaintiffs' claim by orders of magnitude, further evidencing the importance of the claims which would be excluded if the proposed amendment were denied.

### D.    There Is No Prejudice To Defendants In Allowing The Amended Preliminary Infringement Contentions

Trial is scheduled for November 3, 2007, more than seven months away.  As a result, permitting plaintiffs to correct its PICs will not necessitate a continuance of the trial.

Defendants have known that TPL was broadly accusing the presently accused chips,

albeit identified by families rather than part numbers, since June 28, 2006.  Moreover, lest Defendants were then confused as to which part numbers are within the designated families, TPL has since provided copies of web pages listing the specific part numbers in August, and lists of specific part numbers in December.

Rather than suffer prejudice, Defendants have benefited by the delay, to plaintiffs' prejudice.  For example, because Defendants have known since June 28, 2006 that TPL is accusing entire families of chips, rather than just a few representative chips, they have been able to use this information in preparing their invalidity contentions, and in submitting requests for re-examination of the patents-in-suit to the United States Patent and Trademark Office.[9]

As another example, in January, the parties exchanged proposed Markman interpretations, and earlier this month Plaintiffs filed their opening Markman brief.  As a result of the Defendants' refusal to provide discovery with regard to the family member chips, Defendants had the benefit of detailed knowledge concerning the accused family members in preparing their proposed claim interpretations; whereas Plaintiffs were deprived of this detailed information in preparing their proposed claim interpretations.

If, after receiving TPL's Original PICs, Defendants were unsure as to whether TPL was accusing the families of chips of infringement, Defendants should have contacted TPL for clarification.  Instead, however, Defendants allowed time to pass.  Thus, Defendants cannot now claim that TPL's delay in submitting complete PICs somehow prejudiced them.  In *Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815 (E.D.Tex. 2006), Judge Davis refused to allow a

---

[9] NEC submitted requests for re-examination of all three patents in suit on September 21, 2006. Toshiba submitted requests for re-examination of two out of three of the patents in suit on October 19, 2006.

Defendant to claim prejudice when it failed to clarify a purported ambiguity in plaintiff's PICs and plaintiff's discovery requests indicated the scope of the accused products (in *Orion*, a website) was broader than that which was specifically identified in the PIC.

> While the Patent Rules place a [sic] heavy burden on plaintiffs to communicate their case to defendants so that both parties may adequately prepare for claim construction and trial, defendants also have a responsibility to make sure they fully understand the nature of plaintiffs' allegations. A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or infringement contentions. Orion's PICs were sufficient to put Toyota on notice that Orion intended to accuse more than just the website's "Model Selector" feature. Toyota knew, or should have known, this and could have easily sought clarification either informally or by motion. It did neither, and now seeks to use its alleged lack of clarification to its advantage at this stage of the proceeding. To the extent Toyota was confused as to the extent of the website PICs, most of the responsibility is Toyota's. Toyota admits it had discovery disputes with Orion as a result of the parties' different understandings of the scope of Orion's PICs, yet Toyota did not seek clarification of Orion's PICs. *The Patent Rules intend to strike a balance of providing fair notice to defendants without requiring unrealistic, overly factual contentions from plaintiffs, but the burden of notice the Patent Rules place on plaintiffs is intended to be a shield for defendants, not a sword*.

*Id*. at 817-18 (emphasis added.)

In keeping with the policy expressed by Judge Davis, Defendants may not use the Patent Rules as a sword. By virtue of TPL's June 27 and June 28, 2006 letters, Defendants knew or should have known that TPL was accusing the families of chips of infringement and were explicitly told that the original PICs were intended to so assert a mere 10 days after the service of the Original PICs. The prejudice to Plaintiffs if not permitted to correct the PICs as requested far outweighs any prejudice to the Defendants as a result of the corrections.

In addition, Defendants' primary concern in opposing TPL's Motion To Correct PICs was that claim charts for representative chips were not in fact representative of claim charts for their

corresponding chip families for purposes of infringement.  By providing claim charts for all of the accused products, this concerned is obviated.

Moreover, the proposed amendment will clarify any confusion that may presently exist as to which products are being accused of infringing which claims of the patents-in-suit.

Thus, the present Motion To Amend PICs will actually eliminate, rather than cause, prejudice to the Defendants.

### E.    Only MEI Flatly Opposes the Proposed Amended PICs

After initially acknowledging the appropriateness of using representative parts [doc. # 108, p. 5 ("Of course, it would be acceptable to provide a single chart for a series of products when there is a fair basis to believe that the separate products are the same for purposes of infringement."); TPL Reply, doc. # 122, p. 3], and seeming to participate in the representative parts discussions,[10] MEI now flatly refuses a negotiated resolution of the present motion.

## IV.    CONCLUSION

TPL requests explicit leave to serve the proposed amended PICs and claim charts provided to Defendants in December, as permitted by this Court's November 7 Order.


DATED:  March 26, 2007            Respectfully submitted,

                                  By: /s/ Roger L. Cook
                                       S. Calvin Capshaw, State Bar No. 03783900
                                       BROWN McCARROLL, LLP
                                       ccapshaw@mailbmc.com
                                       1127 Judson Road, Suite 220
                                       P.O. Box 3999
                                       Longview, Texas 75601-5157
                                       Telephone:  (903) 236-9800
                                       Facsimile:  (903) 236-8787

---

[10] MEI never raised unique objections and did not announce that it intended to oppose that approach until prior to the March 13 meet and confer telephone conference.  Cook, ¶ 29.

JONES AND JONES INC., P.C.
Franklin Jones, Jr. (State Bar No. 00000055)
201 West Houston Street, P.O. Drawer 1249
Marshall, TX  75671-1249
Telephone:  (903) 938-4395
Facsimile:  (903) 938-3360
maizieh@millerfirm.com

IRELAND CARROLL AND KELLEY, P.C.
Otis W. Carroll, State Bar No. 03895700
nancy@icklaw.com
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas  75711
Telephone:  (903) 561-1600
Facsimile:  (903) 561-1071

TOWNSEND and TOWNSEND and CREW LLP
Roger L. Cook, CA State Bar No. 55208
    rlcook@townsend.com
Eric P. Jacobs, CA State Bar No. 88413
    epjacobs@townsend.com
Byron W. Cooper, CA State Bar No. 166578
    bwcooper@townsend.com
Iris S. Mitrakos, CA State Bar No. 190162
    ismitrakos@townsend.com
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300

Attorneys for Plaintiff
TECHNOLOGY PROPERTIES LIMITED, INC.

61013658 v1

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 26th day of March, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


/s/ Roger L. Cook
Roger L. Cook


## CERTIFICATE OF CONFERENCE

As set forth above, counsel for Plaintiff has communicated with counsel for Defendants

in an attempt to reach an agreement regarding the submission of a corrected PIC.  However, as

yet, no agreement has been reached.  Therefore, this motion is presently opposed.


/s/ Roger L. Cook
Roger L. Cook


61013658 v1